REMINGTON RAND, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 34726. Promulgated April 23, 1928.

*Louis B. Montfort, Esq.*, for the petitioner.
*C. M. Charest, Esq.*, for the respondent.

OPINION.

SMITH: The identical issues involved in this proceeding were before the Board in *Baker-Vawter Co.*, 7 B. T. A. 594. The present proceeding was submitted upon a stipulation of facts and no briefs were filed by either party in support of the contentions raised. In *Baker-Vawter Co., supra*, the petitioner claimed, as the petitioner claims in this proceeding, that upon the sale of the capital stock of the Commercial Stationery & Loose Leaf Co. by the Baker-Vawter Co. on February 28, 1920, it sustained a loss of $13,454.35, which is the difference between the amount that the petitioner claimed was the basis for determination of loss or gain on the sale of the stock in the hands of the parent company, or $73,454.35, and the amount received by the parent company for the stock, namely, $60,000. This basis is found by adding the cost to the parent company of the stock of the subsidiary company, $45,000, and the aggregate amount of the net profits of the subsidiary company from March 1, 1916, to February 28, 1920, inclusive, $28,454.35. The petitioner further claimed

that this loss was deductible by the parent company in determining its net taxable income for 1920. The respondent contended that the petitioner derived a taxable profit of $15,000 from the transaction, the difference between the amount which it paid for the capital stock of the subsidiary company and the amount which it received upon the sale thereof. We held that the Baker-Vawter Co. sustained no deductible loss from the sale of the stock and derived no taxable income therefrom. A like decision must be made in the proceeding at bar.

In its petition the petitioner alleges as error that the respondent taxed the income of the Commercial Stationery & Loose Leaf Co. when it was received prior to March 1, 1920, and when the subsidiary company was affiliated with the parent company, and then is taxing it again as profit when the parent company sold the shares of stock of the subsidiary company.

To the extent that the respondent added to the net taxable income reported by the Baker-Vawter Co. $15,000 arising from the sale of the stock of the subsidiary company on February 28, 1920, the action was in error; but to the extent that he disallowed the deduction of a loss of $13,454.35 the action was not in error. For reasons stated in *Baker-Vawter Co.*, *supra*, we are of the opinion that the Baker-Vawter Co. derived no income and sustained no loss from the sale of the capital stock of the subsidiary company on February 28, 1920.

With respect to the reduction of the invested capital of the Baker-Vawter Co. by a prorated portion of the surplus of the subsidiary company which went out of the affiliated group as of February 28, 1920, we see no reason to modify the opinion or decision with reference thereto contained in *Baker-Vawter Co.*, *supra*.

> *Judgment will be entered on 15 days' notice, under Rule 50.*

